# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY STIVERS, individually and on behalf of all other similarly situated, | ) ) ) | CIVIL ACTION |
| Plaintiff, | ) ) | Case No.:  2:12-cv-01534-CRE |
| v. | ) ) | Magistrate Judge Cynthia Reed Eddy |
| OFFICE DEPOT, INC., | ) ) | |
| Defendant. | ) | |

<u>**JOINT STIPULATION AND SETTLEMENT AGREEMENT**</u>

This Joint Stipulation and Settlement Agreement ("Stipulation") is made and entered into by and among Class Representative Timothy Stivers ("Class Representative"), individually and on behalf of all persons similarly situated, as defined below, and Defendant Office Depot, Inc. ("Defendant," "Office Depot," or the "Company").

1.      **<u>DEFINITIONS</u>**

1.1      "Action" or "Lawsuit" means the above-captioned action.

1.2      "Attorneys' Fees and Costs" means the payments made to Class Counsel pursuant to Sections 5.1 and 6.4.5 of this Stipulation, which shall be deducted from the Maximum Settlement Amount.  The amount of Attorneys' Fees and Costs will be determined and approved by the Court in the Final Approval Order.  Provided that Class Counsel shall not seek more than 33% of the Maximum Settlement Amount in attorneys' fees, Office Depot shall not contest Class Counsel's application for an attorneys' fee award.  Costs shall include, but are not limited to, those costs identified in Section 6.2.6 of this Stipulation relating to distribution of the Class Notice.

1.3    "Class" means the group of persons employed by Office Depot in the Commonwealth of Pennsylvania during the Class Period as an Assistant Store Manager for at least one calendar week.

1.4    "Class Counsel" means Berger & Montague, P.C.; Klafter, Olsen & Lesser, LLP; and Whitfield Bryson & Mason LLP.

1.5    "Class Member" or "Member of the Class" means a Person who is a member of the Class.

1.6    "Class Period" means the period during which the Class Member was employed by Office Depot in the Commonwealth of Pennsylvania as an Assistant Store Manager between October 23, 2008 and January 1, 2011.

1.7    "Class Representative" means Timothy Stivers.

1.8    "Class Representative's Released Claims" collectively means any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Office Depot Releasees of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, by the Class Representative arising during the period beginning on the Class Representative's first date of employment with Office Depot, and ending on the date on which the Court enters the Preliminary Approval Order, for any type of relief, including without limitation, claims for wages, damages, reimbursement of expenses, costs, premium pay, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, including, but not limited to, claims pursuant to the

Pennsylvania Minimum Wage Act, Pennsylvania Wage Payment and Collection Act, Fair Labor Standards Act, and for unjust enrichment.

1.9     The "Company" means Defendant Office Depot, Inc.

1.10     "Counsel for the Company" means Morgan, Lewis & Bockius LLP.

1.11     "Court" means the United States District Court for the Western District of Pennsylvania.

1.12     "Effective Date" means the date on which the Judgment becomes a Final Judgment.

1.13     "Final Approval Hearing" means a hearing set by the Court to take place on or about the date which is after the ninety (90) day period for Class Action Fairness Act ("CAFA") notice for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and associated settlement; and (iii) entering Judgment.

1.14     "Final Approval Order" means the order issued by the Court after the Final Approval Hearing approving the settlement and entering Judgment.

1.15     "Final Judgment" means the latest of the following dates: (1) the date of final affirmance on an appeal of the Judgment; (2) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (3) if no appeal is filed, the expiration of the period for filing or noticing of any form of valid appeal of the Judgment.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or litigation costs pursuant to Section 5.1 shall not, by itself, in any way delay or preclude the Judgment from becoming a Final Judgment.

1.16    "Final Settlement Share" means each Participating Class Member's *pro rata* share of the Net Settlement Amount based upon the terms of this Stipulation and the Plan of Allocation, and based on the actual number of Participating Class Members, provided that the Minimum Participation Rate is met or exceeded.

1.17    "Initial Settlement Share" means each Participating Class Member's *pro rata* share of the Net Settlement Amount, based upon the terms of this Stipulation and the Plan of Allocation. The Initial Settlement Share shall be expressed as a range, with the low end of the range representing the *pro rata* share to the Participating Class Member if all Class Members become Participating Class Members, and the high end of the range representing the *pro rata* share to the Participating Class Members if only the Minimum Participation Rate has been met, but not exceeded, and the only Participating Class Members are those with the fewest settlement shares, and none of the Class Members has opted-out of the Action.

1.18    "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation.

1.19    "Last Known Address" or "Last Known Addresses" means the most recently recorded mailing address for a Class Member as such information is contained in Office Depot's databases.

1.20    "Maximum Settlement Amount" means the maximum amount that Office Depot shall pay under the terms of this Stipulation, which is the gross sum of Ninety-Eight Thousand Dollars and Zero Cents ($98,000.00), which includes, but is not limited to, amounts payable to Participating Class Members, amounts payable as Attorneys' Fees and Costs, amounts payable as a Service Award to the Class Representative, and employee taxes.  Under no circumstances shall Office Depot be required to pay or contribute any monies in excess of the Maximum Settlement

4

Amount, except that Office Depot is responsible for paying the employer's share of the payroll taxes as discussed in Section 5.9, *infra*.

1.21    "Minimum Participation Rate" means that 50% of the Class Members have elected to become Participating Class Members.

1.22    "Net Settlement Amount" means the Maximum Settlement Amount minus the Class Representative's Service Payment, Attorneys' Fees and Costs, and the amounts based on the Final Settlement Share allocated to Class Members who properly and timely submit Opt Outs, which shall remain property of Office Depot pursuant to Section 5.4.

1.23    The "Notice Mailing Deadline" shall be the date fourteen (14) days after the Preliminary Approval Date.

1.24    "Notice Regarding Pendency of Class Action" or "Class Notice" means a notice entitled "Notice To Class Members Regarding Pendency of Class Action and Notice of Hearing On Proposed Settlement" to be approved by the Court, substantially in the form attached hereto as Exhibit A.

1.25    The "Notice Response Deadline" shall be the date sixty (60) days after the Class Notice is mailed to the Class Members.

1.26    "Office Depot Releasees" means Office Depot, each of its affiliates (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures, and related companies and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives.

5

1.27    "Opt Out" or "Opt Outs" means written and signed requests by Class Members to be excluded from the Settlement Class, which are submitted in the manner and within the time set forth in the Notice Regarding Pendency of Class Action.

1.28    "Participating Class Member" means a Class Member who properly and timely submits a Settlement Claim Certification Form in response to the Class Notice.

1.29    "Plan of Allocation" means the *pro rata* allocation of the Net Settlement Amount to Participating Class Members.  Class Counsel, with the Company's review and approval, will calculate the Initial Settlement Share for each Class Member based on the total number of overtime hours shown in the Company's records during the period the Class Member worked as an Assistant Store Manager for Office Depot in the Commonwealth of Pennsylvania between October 23, 2008 and January 1, 2011.  Each overtime hour will represent one settlement share.  Class Counsel will add a total of one (1) settlement share for each week that a Class Member was employed, as identified in the data provided by the Company, during the period from October 23, 2008 through January 1, 2011.  Class Counsel will divide up the sum of shares for all Class Members into the Net Settlement Amount to reach a per share dollar figure.  The figure will then be multiplied by each Class Member's number of settlement shares and will separately be multiplied by the number of settlement shares assuming that the Minimum Participation Rate is met, but not exceeded, by Class Members with the fewest number of settlement shares.  Together, these two figures will determine each Class Member's Initial Settlement Share.  After the Notice Response Deadline, provided that the Minimum Participation Rate is met, Class Counsel, with the Company's review and approval, will divide up the sum of shares for all Participating Class Members into the new Net Settlement Amount to reach a per share dollar figure.  The figure will then be multiplied by each Participating Class Member's number of settlement shares to determine each Participating Class Member's

Final Settlement Share. The formula for determining the Final Settlement Share for Participating Class Members shall be set forth in the Class Notice provided to all Class Members.  The entire Net Settlement Amount will be divided on a *pro rata* basis pursuant to the above-stated formula to all Participating Class Members.

1.30    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

1.31    "Preliminary Approval Order" or "Order Granting Preliminary Approval of the Settlement" means an order to be executed and filed by the Court approving the terms contained in this Stipulation, certifying a class action for settlement purposes only as provided in Section 4, and ordering the mailing of Class Notice.

1.32    "Reasonable Address Verification Measure" means performing address searches using public and proprietary electronic resources which collect data from various sources, such as utility records, property tax records, motor vehicle registration records (where allowed) and credit bureaus to review the accuracy of, and if possible, update a mailing address.

1.33    "Released Claims of Participating Class Members" means any and all federal, state and local wage and hour claims, including but not limited to claims under the Pennsylvania Minimum Wage Act, Pennsylvania Wage Payment and Collection Act, Fair Labor Standards Act, and for unjust enrichment, for any type of relief, including without limitation, claims for wages, overtime pay, unpaid costs, penalties (including, but not limited to, late payment penalties, record keeping penalties, and meal break penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief, whether known or unknown, which were or could have been asserted in the Action, for the time period of each

Participating Class Member's employment as an Assistant Store Manager in the Commonwealth of Pennsylvania from the beginning of their employment through the Preliminary Approval Date.

1.34    "Released State Law Claims" means any and all claims asserted in the Action which arose under the laws of Pennsylvania, including claims under the Pennsylvania Minimum Wage Act, Pennsylvania Wage Payment and Collection Act, and for unjust enrichment, for the time period of each Class Member's employment as an Assistant Store Manager in the Commonwealth of Pennsylvania from the beginning of their employment through the Preliminary Approval Date.

1.35    "Service Award" means the payment made to the Class Representative, pursuant to Section 5.13 of this Stipulation, for his efforts in bringing and prosecuting this matter, and in exchange for the Class Representative's Released Claims, and which shall be deducted from the Maximum Settlement Amount.  A total gross amount of One Thousand Five Hundred Dollars ($1,500.00) shall be allocated for this payment.  The Service Award must be approved by the Court.

1.36    "Settlement Check" means the check sent to each Participating Class Member pursuant to Sections 5.1, 5.2, 5.3 and 6.4.4.

1.37    "Settlement Class" means all of the Class Members who do not opt out of the settlement by timely submitting a written and signed notice of election to opt out pursuant to Section 6.3.2.

1.38    "Settlement Class Member" or "Member of the Settlement Class" means any Person who is a member of the Settlement Class.

1.39    "Settling Parties" or "Parties" means Office Depot and the Class Representative on behalf of himself and all Members of the Settlement Class.

8

1.40    "Stipulation" means this agreement, *i.e.*, the Joint Stipulation and Settlement Agreement, together with and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the settlement between them, and which is subject to Court approval.  It is understood and agreed that Office Depot's obligations for payment under this Stipulation are conditioned on, *inter alia*, the occurrence of the Effective Date.

1.41    "Updated Address" means a mailing address that was updated via a Reasonable Address Verification Measure or via an updated mailing address provided by the United States Postal Service or a Class Member, or any other source.

## 2.    **RECITALS**

2.1    Class Representative has made certain allegations concerning his employment with the Company regarding an asserted failure to pay overtime compensation properly, which the Company has denied and continues to deny.

2.2    Specifically, the Lawsuit claims that the Company paid overtime compensation to the Class Representative and the Class pursuant to the fluctuating workweek method, in violation of Pennsylvania state law.

2.3    The Company has provided information to demonstrate that it stopped paying Class Members pursuant to the fluctuating workweek method on or around January 2, 2011.  The Company denied and continues to deny that its actions violated any federal, state, local or common law, statute, ordinance, directive, regulation or order (including executive orders).

2.4    The Parties and their counsel have considered that their respective interests are best served by compromise, settlement and dismissal of the Action with prejudice and have concluded that the terms of this Stipulation are fair, reasonable and adequate.

3.   **COMPROMISE ACKNOWLEDGMENT**

3.1     Class Representative acknowledges and agrees that this Stipulation, and the consideration provided herein, have been and are made and received solely on the basis of a compromise of disputed claims, and that this Stipulation is not, and is not to be construed as, an admission by the Company of any liability whatsoever.  This Stipulation is not, and shall not be construed as, an admission of any act or fact whatsoever, including any violation of federal, state, local or common law, statute, ordinance, directive, regulation or order (including executive orders).  Class Representative further acknowledges that the Company's agreement to class action treatment of Class Representative's Pennsylvania state law claims, for settlement purposes only, will not be deemed to be an admission or concession by the Company that class or collective treatment is or was appropriate in the Action or in any other action.

3.2     The Parties have exchanged information, data and documents and conducted independent investigations of the facts and law during the Action.  Class Counsel and Counsel for the Company have further analyzed the applicable law as applied to the facts discovered regarding the allegations of the Class Representative, the Company's defenses thereto, and the damages claimed by the Class Representative.

3.3     Class Representative and Class Counsel believe that the claims asserted in the Action have merit.  However, Class Representative and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Company through trial and possible appeals.  Class Representative and Class Counsel have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review.  Class Counsel have engaged in intensive arm's length negotiations with Counsel for the Company with a

view to achieving settlement.  Class Representative and Class Counsel believe that the settlement reached confers substantial benefits upon the Class Representative and the Class Members and that the settlement is fair, reasonable, adequate, in accordance with the law, and in the best interests of the Class Representative and the Class Members.

      3.4     The Company and Counsel for the Company believe that the claims asserted in the Action are without merit.  Thus, the Company has denied and continues to deny, specifically and generally, the claims asserted in the Action, any and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Action, and it makes no concessions or admissions of wrongdoing or liability of any kind whatsoever.  The Company maintains that for any purpose other than settlement, the Action is not suitable or appropriate for class action treatment under Fed. R. Civ. P. 23.  Although the Company has vigorously contested the allegations in the Action to date and denies that it committed any wrongful action or violation of law, it believes nonetheless that further litigation with respect to the Class Representative and the Class would be protracted, expensive, and contrary to its best interests.  Substantial amounts of time, energy, and other resources have been and, absent settlement, will continue to be devoted to the Company's defense against the claims asserted by Class Representative.  In light of these realities, the Company believes that settlement is the best way to resolve the disputes among the Parties while minimizing its own further expenditures.

      3.5     The Parties understand and agree that this settlement represents a compromise of disputed claims, and have agreed to enter into this Stipulation to avoid the risks, costs, and delays associated with further proceedings.  Pursuant to Federal Rule of Evidence 408, and any other analogous rules of evidence that are applicable, neither the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the settlement:  (a) is or may be deemed to be

or may be used as an admission or evidence of, the validity of any Released Claims of Participating Class Members and/or any Released State Law Claims, or of any wrongdoing or liability of the Office Depot Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission or evidence of, any fault or omission of the Office Depot Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.  Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that the Company could not contest (or are estopped from contesting) class action treatment under Fed. R. Civ. P. 23 on any grounds as a result of entering into this Stipulation, if the Court fails to enter a Final Judgment.  This Stipulation shall not be deemed an admission by, or grounds for estoppel against, the Company that class action treatment pursuant to Fed. R. Civ. P. 23 in the Action is proper or cannot be contested on any grounds.

   3.6  The Parties, through their counsel, will seek judicial approval of this Stipulation.  In the event this Stipulation is not approved by the Court, this Stipulation will no longer have any effect and the Parties will revert to litigating the Action as of the date and time immediately prior to the execution of this Stipulation.

## 4.  CERTIFICATION OF A CLASS ACTION FOR SETTLEMENT PURPOSES ONLY

   4.1  The Parties stipulate, for settlement purposes only, to the certification by the Court of a class action as to all Pennsylvania state law claims asserted in the Action.

   4.2  If for any reason the Court does not approve this Stipulation, fails to enter the Preliminary Approval Order, fails to enter the Final Approval Order or fails to enter the Judgment, or if this Stipulation is lawfully terminated for any other reason, the Parties' stipulation to the certification of a class action for settlement purposes only shall be deemed null and void *ab initio*,

and Office Depot shall retain the absolute right to dispute the propriety of class certification on all applicable grounds.

5.    **PAYMENT AND ADMINISTRATION**

5.1     In consideration for the terms, conditions and undertakings by or relating to the Class Representative and the Class in this Stipulation, and the mutual promises and covenants contained herein, the Company will pay the Class Representative, Participating Class Members, and Class Counsel an amount not to exceed the Maximum Settlement Amount.  This is an amount agreed to by the Class Representative and Office Depot to compromise, settle and satisfy the disputed claims of the Class Representative and Participating Class Members for all back wages, liquidated damages, interest, and attorneys' fees and costs.  The Maximum Settlement Amount includes Attorneys' Fees and Costs and a Service Award approved by the Court.  From this Maximum Settlement Amount, an award of Attorneys' Fees and Costs approved by the Court will be paid to Class Counsel in full and complete settlement of all claims for attorneys' fees and costs associated with the litigation of the Action.

5.2     From the Maximum Settlement Amount, the Net Settlement Amount shall be allocated to Participating Class Members pursuant to the Plan of Allocation.

5.3     To participate in the settlement and receive a settlement payment from the Net Settlement Amount, a Member of the Class must become a Participating Class Member by timely executing and submitting a settlement claim certification form, in substantially the same form as set forth in Exhibit B, which shall contain a release consistent with the Released Claims of Participating Class Members defined in Section 1.33.  To receive a settlement payment, a Participating Class Member must also submit an executed IRS Form W-9 ("Form W-9").  For the convenience of each Class Member, a blank Form W-9 will be included with the Class Notice.

5.4     Class Members shall be informed of their right to opt-out of the settlement. Amounts based on the Final Settlement Share allocated from the Net Settlement Amount pursuant to Section 5.3 to Class Members who properly and timely opt out of the Settlement Class in the manner and within the time period set forth in the Notice Regarding Pendency of Class Action shall remain property of Office Depot; provided, however, that there shall not be a corresponding reduction of the Attorneys' Fees and Costs awarded by the Court.  Amounts allocated to Class Members who do not become Participating Class Members but who do not opt-out of the settlement shall be reallocated to Participating Class Members pursuant to the Plan of Allocation.

5.5     Class Members who do not opt-out but who do not become Participating Class Members shall, upon the Court's Final Approval Order, release the Released State Law Claims.

5.6     As further detailed in Sections 5.7, 5.9, 5.11 and 5.12, and for each payment made pursuant to Sections 6.4.4 and 6.4.6, Office Depot will report each payment to government authorities, including the Internal Revenue Service, as required by law.

5.7     The Company will be responsible for processing and printing Settlement Checks pursuant to the Plan of Allocation in the amount of the Final Settlement Shares, and for withholding from the Settlement Checks, reporting to federal and state taxing authorities, and remitting to the appropriate federal and state taxing authorities all taxes required by law.  Fifty percent of each Participating Class Member's Final Settlement Share will represent payments for interest and/or penalties and will be paid subject to an IRS Form 1099, and the remaining fifty percent of each Participating Class Member's Final Settlement Share will be reported as, and will be withheld upon as, wages for tax purposes.

5.8     IRS Forms 1099 shall be issued by the Company or its agent with respect to the payments made to Class Counsel for Attorneys' Fees and Costs.  The Company or its agent will

14

also issue an IRS Form 1099 to the Class Representative for his Service Payment.  Class Counsel must provide to Counsel for the Company an executed Form W-9 in order to receive its payment of Attorneys' Fees and Costs.

5.9     The Company will also be responsible for ensuring that withholding of federal, state and local income tax, including each Participating Class Member's share of FICA taxes, are withheld from payments to Participating Class Members.  The employer's share of the applicable FICA, SUTA and FUTA contributions for each Participating Class Member shall be separately paid by the Company in addition to the Maximum Settlement Amount.  The Company or its agent shall ensure the timely payment of all employer portions of the applicable taxes.

5.10     Any amount paid to Participating Class Members shall not create any credit or otherwise affect the calculation of benefits provided under any pension, retirement, retirement savings, excess or supplemental retirement or retirement savings, any deferred compensation, bonus, equity, incentive, severance, displacement, supplemental unemployment, health, life, or disability plan, or any benefit, pension, or other compensation or benefit plan, policy, program, or arrangement (collectively, the "Office Depot Benefit Plans") provided by Office Depot.  No payment made pursuant to this Settlement will (1) be considered as "Compensation," "Earnings," "Salary," or any similar definition under any Office Depot Benefit Plan; (2) require any contribution or award under any Office Depot Benefit Plan; or (3) modify benefits, contributions or coverage under any Office Depot Benefit Plan.

5.11     Other than the withholding and reporting requirements set forth above, Class Representative and Participating Class Members shall be solely responsible for the reporting and payment of the employee's share of any federal, state and/or local income or other taxes, or any other withholdings, if any, on payments made pursuant to this Stipulation.

15

5.12    The Company makes no representations and it is understood and agreed that the Company has made no representations as to the taxability of any payments pursuant to this Stipulation, including all payments to Class Representative and Participating Class Members and all payments to Class Counsel.  The Company shall bear no responsibility for any tax liabilities for the Class Representative's and/or Participating Class Members' share of any federal, state and/or local income or other taxes and shall be indemnified and held harmless by the Class Representative and/or Participating Class Members in the event that the Company is assessed with any fines, penalties, or interest by the IRS (or any other federal, state, or local government agency) relating to the payments made that will be reported on an IRS Form 1099.

5.13    Class Counsel will seek, and Office Depot will not oppose, a Service Award to Class Representative in the amount of One-Thousand-Five-Hundred Dollars and Zero Cents ($1,500.00), subject to Court approval.  Class Representative will receive an IRS Form 1099 for his Service Award, which shall not be subject to withholding and/or deductions.

5.14    Except for the fees, costs and other expenses set forth in Section 1.2, the Parties shall bear responsibility for their own fees, costs and expenses incurred by them or arising out of the Action and will not seek reimbursement thereof from any party to this Stipulation or the Office Depot Releasees.

## 6.    NOTICE OF THE SETTLEMENT AND PARTICIPATION PROCESS

6.1    *Court Approval of Notice to the Class*

6.1.1    Promptly upon execution of this Stipulation, the Class Representative and Office Depot shall jointly move the Court for the entry of a Preliminary Approval Order:  (i) certifying a class action for settlement purposes only; (ii) approving the terms of this Stipulation, including the Plan of Allocation and the form of Notice Regarding Pendency of Class Action,

subject to the Company's right to withdraw in writing from the Stipulation pursuant to Section 17 of the Stipulation; and (iii) scheduling the Final Approval Hearing for the purposes of determining the fairness of the settlement, granting final approval of the settlement, and entering Judgment.

6.1.2   Within ten (10) days following the filing of this Stipulation with the Court, Office Depot shall serve upon the Attorney General of the United States, and the appropriate Pennsylvania official, and the appropriate official of any other state where Class Members reside according to Office Depot's records, a notice of the proposed settlement in compliance with the requirements of CAFA, 28 U.S.C. § 1715.  A copy of the CAFA Notice is attached as Exhibit C.

6.2     *Distribution of Notice*

6.2.1   Upon entry of the Preliminary Approval Order, Class Counsel will facilitate the mailing of the Class Notice to all Class Members at their Last Known Addresses.  This Class Notice, along with a settlement claim certification form and a blank Form W-9, shall be mailed via first class mail through the United States Postal Service, postage pre-paid, with an enclosed, self-addressed, stamped return envelope included.  This Class Notice and its envelope or covering shall be marked to denote the return address of Class Counsel.  Office Depot shall provide the name, Last Known Address, telephone number, Social Security Number, the total number of overtime hours worked by each Class Member in Pennsylvania during the Class Period, and the number of weeks each Class Member was employed as an Assistant Store Manager in Pennsylvania during the Class Period to Class Counsel in order to process and mail the Notices and respond to inquiries about the settlement from Class Members.

6.2.2   Prior to mailing the Class Notice to each Class Member, Class Counsel shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address of each Class Member.  To the extent this process yields an Updated

Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings.

6.2.3    Unless the Parties agree otherwise in writing or the Court so orders, each of the Class Notices and the attachments shall be mailed to the Last Known Addresses of the Class Members no later than the Notice Mailing Deadline.

6.2.4    Unless Class Counsel receives a Class Notice returned from the United States Postal Service for reasons discussed below in this Section, that Class Notice shall be deemed mailed and received by the Class Member to whom it was sent five (5) days after mailing. In the event that subsequent to the first mailing of a Class Notice and prior to the deadline for a response, that Class Notice is returned to Class Counsel by the United States Postal Service with a forwarding address for the recipient, Class Counsel shall re-mail the notice to that address, the notice will be deemed mailed as of that date, and the forwarding address shall be deemed the Updated Address for that Class Member.  In the event that subsequent to the first mailing of a Class Notice, and at least thirty (30) days prior to the Notice Response Deadline, that Class Notice is returned to Class Counsel by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," Class Counsel shall make efforts to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, Class Counsel will re-send the Class Notice promptly upon receiving such information; if no Updated Address is obtained for that Class Member, the Class Notice shall be sent again to the Last Known Address.  In either event, the Class Notice shall be deemed received once it is mailed for the second time.

6.2.5    To the extent a Class Member has not submitted to Class Counsel a Settlement Claim Certification Form or an Opt-Out within twenty-one (21) days of the Notice

Mailing Deadline, Class Counsel shall send that Class Member a duplicate copy of the Class

Notice and attachments thereto via first class mail through the United States Postal Service,

postage pre-paid, with an enclosed, self-addressed stamped return envelope.

      6.2.6   Class Counsel may contact Class Members through their last known

telephone number for purposes of administrating the Notice.

      6.2.7   Office Depot shall encourage Class Members to participate in the

Settlement and to return Settlement Claim Certification Forms, and shall assist in the collection of

Settlement Claim Certification Forms, via the Company's Director of Employee Relations.  The

Notice Regarding Pendency of Class Action will advise Class Members of this option.

      6.2.8   Part of the Attorneys' Fees and Costs paid to Class Counsel by Office Depot

shall include all costs of the mailing described in this Section 6.2, the cost of the envelopes in

which the Class Notice will be mailed, the cost of reproducing the Class Notice, and the cost of

postage to send the Class Notice.  The Class Representative acknowledges that Office Depot's

agreement to pay the mailing costs as part of Attorneys' Fees and Costs paid to Class Counsel

constitutes part of the consideration to the Class.

     6.3    *Response to Notice Regarding Pendency of Class Action*

      6.3.1    Class Members may elect to "opt out" of the Settlement Class and thus

exclude themselves from the Action, the settlement, and the Settlement Class.  Class Members

who wish to exercise this option must submit a written notice of the Class Member's election to

opt-out of the Settlement Class to Class Counsel by the Notice Response Deadline.  The Class

Notice shall advise Class Members of this option.  If a notice of election to opt out from a Class

Member is not received by Class Counsel postmarked on or before the Notice Response Deadline,

then that Class Member will be deemed to have forever waived his or her right to opt out of the

Settlement Class.  Class Members who do not timely submit a written notice of intent to opt-out of the Settlement Class shall be deemed Members of the Settlement Class.  Class Members who do timely submit written notice of the election to opt-out of the Settlement Class shall have no further role in the Action, and for all purposes they shall be regarded as if they never were either a party to the Action or a Class Member, and thus they shall not be entitled to any benefit as a result of the Action, this settlement or this Stipulation.

   6.3.2  Class Members who do not opt out of the Settlement Class pursuant to Section 6.3.2 may object to the Stipulation by submitting written objections to Class Counsel postmarked on or before the Notice Response Deadline.  The Class Notice shall advise Class Members of this option.

   6.3.3  Class Members who do not opt out of the Settlement Class pursuant to Section 6.3.2 shall be deemed Members of the Settlement Class who shall be subject to the Judgment.

   6.3.4  Settlement Class Members may elect to become Participating Class Members by completing, executing, and mailing, per the instructions therein, the settlement claim certification form and an executed Form W-9 to Class Counsel postmarked by the Notice Response Deadline.  Alternatively, Settlement Class Members who are current Office Depot employees may elect to become Participating Class Members by completing, executing, and submitting the settlement claim certification form and an executed Form W-9 to the Company's Director of Employee Relations by the Notice Response Deadline, and such settlement claim certification forms and executed Forms W-9 shall, in turn, be provided to Class Counsel by Counsel for the Company within a reasonable time period of approximately one week from being received.

6.3.5   Participating Class Members who, for future reference and mailings from the Court, Class Counsel or Office Depot, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must correct such information when returning the Settlement Claim Certification Form.  The new address provided shall be the "Updated Address" for any such Participating Class Member.

6.3.6   Only Participating Class Members shall be entitled to payment pursuant to the settlement and this Stipulation.

6.3.7   If the Minimum Participation Rate has not been met or exceeded, Class Counsel shall so advise the Counsel for the Company within five (5) business days after the Notice Response Deadline, and the Company shall have the right to terminate the settlement and the Stipulation pursuant to Section 17.4.

6.3.8   Every seven (7) calendar days beginning with the initial mailing of Notice to the Class Members, Class Counsel shall provide Counsel for the Company with copies of all completed Settlement Claim Certification Forms from Participating Class Members, objections and requests from Opt-Outs received by Class Counsel.  Provided the Minimum Participation Rate has been met or exceeded, Class Counsel shall file with the Court, within fifteen (15) business days after the Notice Response Deadline, all timely Opt-Outs received.

6.4   *Notice of Final Approval and Timing of Payments to Participating Class Members, the Class Representative, and Class Counsel*

6.4.1   Prior to the Final Approval Hearing and consistent with the rules imposed by the Court, the Class Representative and Office Depot shall jointly move the Court for entry of a final order of approval and the associated entry of Judgment.  The Settling Parties shall make all reasonable efforts to secure entry a Final Approval Order and entry of Judgment.

6.4.2    Prior to the Final Approval Hearing, the Class Representative will also move the court to approve the payment of Attorneys' Fees and Costs and the Service Award set forth in this Stipulation.  Provided it is consistent with this Stipulation, Office Depot will not oppose Class Representative's motion, including the payment of Attorneys' Fees and Costs and the Service Award set forth in this Stipulation.

6.4.3    If the Court enters the Preliminary Approval Order, then at the resulting Final Approval Hearing, the Class Representative and Office Depot, through their counsel of record, shall address any timely written objections from Class Members as well as any timely stated concerns of any state official who receives a CAFA notice, if any, and any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and entry of the Judgment by the Court.

6.4.4    Provided that the Minimum Participation Rate has been met or exceeded, that the Effective Date occurs, and that this Stipulation is not voided pursuant to Section 17, Class Counsel, with the Company's review and approval, shall determine the Final Settlement Share of each Participating Class Member, and the Company will issue Settlement Checks to each Participating Class Member within thirty (30) days after the Effective Date.

6.4.5    Provided that the Minimum Participation Rate has been met or exceeded, that the Effective Date occurs, and that this Stipulation is not voided pursuant to Section 17, the Company shall pay Class Counsel, as a portion of the Maximum Settlement Amount, the amount awarded by the Court for Attorneys' Fees and Costs within thirty (30) days after the Effective Date.  Payments made per this paragraph shall constitute full satisfaction of any claim for attorneys' fees and/or costs, and Class Representative and Class Counsel, on behalf of themselves

and all Class Members, agree that they shall neither seek nor be entitled to any additional attorneys' fees and/or costs relating to this Action under any theory.

6.4.6    Provided that the Minimum Participation Rate has been met or exceeded, that the Effective Date occurs, and that this Stipulation is not voided pursuant to Section 17, the Company shall pay Class Representative a Service Award from the Maximum Settlement Amount within thirty (30) days after the Effective Date in exchange for the consideration set forth in this Stipulation, including but not limited to, the waiver and release of Class Representative's Released Claims.  Class Representative's Service Award, in the amount approved by the Court, will be added to the Final Settlement Share for the Class Representative and included in the Class Representative's Settlement Check to the extent practicable.

6.4.7    The Settlement Checks distributed to Participating Class Members and the Class Representative will be void if not negotiated within one hundred and eighty (180) days of the date they are mailed.

6.4.8    The funds from any unnegotiated settlement checks shall be donated jointly to the *cy pres* charitable beneficiaries, The Mitzvah Circle and the Pennsylvania Legal Aid Network, within fourteen (14) days after the deadline for negotiating such checks.

## 7.    <u>RELEASE</u>

7.1    Upon executing a settlement claim certification form and receiving their settlement check, each Participating Class Member shall be deemed to, and shall have, released and discharged all Office Depot Releasees with respect to all Released Claims of Participating Class Members as set forth in Section 1.33.

7.2     Upon the Final Judgment, each Class Member who does not submit an Opt-Out request shall be deemed to and shall have released and discharged all Office Depot Releasees with respect to Released State Law Claims as set forth in Section 1.34.

7.3     Upon the Final Judgment, Class Representative, voluntarily and with the advice of counsel shall be deemed to and shall have released and discharged  the Office Depot Releasees from any and all Class Representative's Released Claims, as set forth in Section 1.8.

## 8.     TIME PERIODS AND DEADLINES

8.1     In computing any period of time prescribed or allowed by this Stipulation, unless otherwise stated, such computation or calculation shall be made consistent with Federal Rule of Civil Procedure 6(a) as it exists at the time at issue.

8.2     If any deadlines related to this Stipulation cannot be met, Class Counsel and Counsel for the Company shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation.  In the event that the Parties fail to reach such agreement, any of the Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation.

## 9.     PARTIES' AUTHORITY

9.1     The signatories represent that they are fully authorized to enter into this Stipulation and to bind the Parties hereto to the terms and conditions hereof.

9.2     The Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Stipulation, and this Stipulation is made with the consent and advice of counsel who have jointly prepared this Stipulation.

## 10.   MUTUAL AND FULL COOPERATION

10.1    The Parties shall use their best efforts and agree to fully cooperate with each other to accomplish the terms of this Stipulation, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Stipulation.

10.2    Class Representative, Class Counsel, the Company, and Counsel for the Company agree to use their best efforts to encourage Class Members to submit settlement claim certification forms in order to participate in the settlement.

## 11.   NOTICES

11.1    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Class Counsel or the Class Representative:

> BERGER & MONTAGUE, P.C.
> Shanon J. Carson, Esquire
> Sarah R. Schalman-Bergen, Esquire
> 1622 Locust Street
> Philadelphia, PA  19103

To the Company:

> MORGAN, LEWIS & BOCKIUS LLP
> Christopher K. Ramsey, Esquire
> Stephanie R. Reiss, Esquire
> One Oxford Centre – 32nd Floor
> Pittsburgh, PA  15219

## 12.   MODIFICATION

12.1    This Stipulation and its attachments may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

**13.    ENTIRE AGREEMENT**

13.1    This Stipulation and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Stipulation.  In the event of any conflict between this Stipulation and any other settlement-related document, the Parties intend that this Stipulation shall be controlling.

**14.    CHOICE OF LAW/JURISDICTION**

14.1    This Stipulation shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the Commonwealth of Pennsylvania, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the Court. This Stipulation shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Stipulation or any specific term or condition thereof.

**15.    COUNTERPARTS**

15.1    This Stipulation may be executed in counterparts, and when each party has signed and delivered at least one such counterpart (including by email), each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation, which shall be binding upon and effective as to all Parties.

**16.    PUBLIC COMMENT**

16.1    The Company, Class Representative, Class Counsel, and Counsel for the Company will not issue any press releases or initiate any contact with the press or media regarding the terms of this Stipulation.  If the Company, Class Representative, Class Counsel, or Counsel for the Company are contacted by the media, they will merely inform them that the case has been resolved, and refer them to the public filings.

17. **VOIDING THE AGREEMENT**

17.1    In the event this Stipulation, or any amended version agreed upon by the Parties, does not obtain judicial approval for any reason, and/or the Court decides not to issue a Preliminary Approval Order, this Stipulation (except for those provisions relating to non-admissibility and non-admission of liability) shall be null and void in its entirety, unless expressly agreed in writing by all Parties.

17.2    In the event the Court fails to enter a Final Approval Order, fails to certify the class action for settlement purposes as agreed by the Parties in this Stipulation, or fails to enter the Judgment, this Stipulation (except for those provisions relating to non-admissibility and non-admission of liability) shall be null and void in its entirety, unless expressly agreed in writing by all Parties.

17.3    In the event of any finding or ruling by this Court or an appellate court in this Action that directly or indirectly modifies or affects (a) the extent or scope of the Released Claims of Participating Class Members, the Released State Law Claims, and/or the Class Representative's Released Claims provided for in this Stipulation; or (b) the Maximum Settlement Amount to be paid by the Company pursuant to this Stipulation, the Company shall have the absolute discretionary right to terminate the settlement and this Stipulation through written notice to Class Counsel within five (5) business days of receipt of notice of such finding or ruling.  The above notwithstanding, the Parties agree that should the Court modify the Stipulation in such a way that would otherwise cause the Company to terminate the Stipulation, the Parties will, within the above indicated period, meet and confer in a good faith attempt to reach agreement and preserve the Stipulation.

17.4    In the event that the Minimum Participation Rate is not met or exceeded, the Company shall have the absolute discretionary right to terminate the settlement and this

Stipulation through written notice to Class Counsel within five (5) business days of receipt of notice of that the Minimum Participation Rate has not been met or exceeded.  The above notwithstanding, the Parties agree that if the Minimum Participation Rate has not been met or exceeded such that the Company could exercise its absolute discretionary right to terminate the Stipulation, the Parties will, within the above indicated period, meet and confer in a good faith attempt to reach agreement and preserve the Stipulation.

**18.    CLASS REPRESENTATIVE'S CERTIFICATIONS**

18.1    Class Representative hereby certifies that:

a)  He has signed this Stipulation voluntarily and knowingly, after adequate time to review and consider this Stipulation, in exchange for the consideration described herein, which he acknowledges is adequate and satisfactory;

b)  He has been advised by his attorneys and has consulted with his attorneys before signing this Stipulation;

c)  He has been provided with adequate time in which to consider the release of claims included in the Class Representative's Released Claims before entering this Stipulation; and

d)  Neither the Company nor any of its agents, representatives, employees, or attorneys, have made any representations to the Class Representative concerning the terms or effects of this Stipulation other than those contained herein.

IN WITNESS WHEREOF, the undersigned have duly executed this Stipulation as of the date indicated below:

Dated:  April ___, 2013

_____

Timothy Stivers


Dated:  April 2?, 2013

Office Depot, Inc.

By: _____

Print Name:  ELISA  GARCIA

Print Title:  EVP & GENERAL COUNSEL


APPROVED AS TO FORM:


Dated:  April ___, 2013

_____

Shanon J. Carson (ID No. 85957)
Sarah R. Schalman-Bergen (ID No. 206211)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net


Seth R. Lesser
Fran L. Rudich
Michael J. Palitz
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone:  (914) 934-9200
Facsimile:  (914) 934-9220
seth@klafterolsen.com
fran@klafterolsen.com
mpalitz@klafterolsen.com

Dated: April __, 2013

_____
Timothy Stivers

Dated: April __, 2013                 Office Depot, Inc.

By: _____
Print Name: _____
Print Title: _____

APPROVED AS TO FORM:

Dated: April ___, 2013

_____
Shanon J. Carson (ID No. 85957)
Sarah R. Schalman-Bergen (ID No. 206211)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net

Seth R. Lesser
Fran L. Rudich
Michael J. Palitz
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
seth@klafterolsen.com
fran@klafterolsen.com
mpalitz@klafterolsen.com

Dated:  April __, 2013

_____
Timothy Stivers

Dated:  April __, 2013

Office Depot, Inc.

By: _____
Print Name: _____
Print Title: _____

APPROVED AS TO FORM:

Dated:  April 30, 2013

_____
Shanon J. Carson (ID No. 85957)
Sarah R. Schalman-Bergen (ID No. 206211)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net


Seth R. Lesser
Fran L. Rudich
Michael J. Palitz
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone:  (914) 934-9200
Facsimile:  (914) 934-9220
seth@klafterolsen.com
fran@klafterolsen.com
mpalitz@klafterolsen.com

29

Gary Mason
Nicholas Migliaccio
Jason Rathod
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DC 20036
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294
gmason@wbmllp.com
nmigliaccio@wbmllp.com
jrathod@wbmllp.com

Class Counsel

Dated:  April 30, 2013

Christopher K. Ramsey (ID No. 63293)
Stephanie R. Reiss (ID No. 88316)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre – 32nd Floor
Pittsburgh, PA  15219
Telephone:  (412) 560-3300
Facsimile:  (412) 560-7001
cramsey@morganlewis.com
sreiss@morganlewis.com

Counsel for Defendant

30

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY STIVERS, individually and on behalf of all other similarly situated, | ) ) | CIVIL ACTION |
| | ) | Case No.: 2:12-cv-01534-CRE |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICE DEPOT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE TO CLASS MEMBERS REGARDING PENDENCY OF CLASS ACTION AND
NOTICE OF HEARING ON PROPOSED SETTLEMENT**

**TO:  ALL INDIVIDUALS EMPLOYED BY OFFICE DEPOT AS ASSISTANT STORE
MANAGERS IN PENNSYLVANIA FROM OCTOBER 23, 2008 TO [Date of preliminary
approval].**

**I.      PURPOSE OF THIS NOTICE**

         The purpose of this Notice is to inform you that the Court has approved a settlement of the
claims that been brought against Office Depot, Inc. ("Office Depot" or the "Company") in the
above-captioned lawsuit, to explain the terms of the settlement to you, and explain your rights and
options with respect to the lawsuit and the Settlement.  The Notice is being sent to you because
records show that you are a class member, and you may be entitled to a cash payment through the
settlement.  **If you wish to receive payment under the Settlement, please complete, sign and
return the enclosed Settlement Claim Certification Form and an executed Form W-9
postmarked by [INSERT DATE].**

**II.     DESCRIPTION OF THIS LAWSUIT**

         On October 23, 2012, Timothy Stivers ("Class Representative"), who worked as an
Assistant Store Manager for Office Depot in Pennsylvania, filed a complaint against Office Depot
in the United States District Court for the Western District of Pennsylvania (the "Lawsuit").  The
Lawsuit claims that Office Depot violated the Pennsylvania Minimum Wage Act ("PMWA"), the
Pennsylvania Wage Payment and Collection Law ("WPCL"), and the Fair Labor Standards Act
("FLSA"), and was unjustly enriched under the Pennsylvania common law by failing to pay him
proper overtime compensation as required by Pennsylvania law.  Specifically, the Lawsuit claims
that Office Depot paid overtime compensation to the Class Representative and the Class pursuant

to the fluctuating workweek method, in violation of Pennsylvania state law.  The Class Representative brought the claims under Pennsylvania law on his own behalf and on behalf of all Office Depot Assistant Store Managers in Pennsylvania.  The Lawsuit seeks damages for the alleged violations, including interest, liquidated damages, penalties, and attorneys' fees and costs.

Office Depot denies the Class Representative's allegations and maintains that it properly paid its Pennsylvania employees all wages due to them and that it is not liable for the damages sought in the Lawsuit.

The Court has certified, for settlement purposes only, the following class (the "Class"): The group of persons employed by Office Depot in the Commonwealth of Pennsylvania as an Assistant Store Manager during the Class Period for at least one calendar week.  "Class Period" means the period during which the Class Member was employed by Office Depot in the Commonwealth of Pennsylvania at any time from October 23, 2008 through January 1, 2011, the date when Office Depot stopped paying Class Members overtime pursuant to the fluctuating workweek method.

The attorneys for the Class in the Action ("Class Counsel") are below:

Shanon J. Carson, Esq.
Sarah R. Schalman-Bergen, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3053
Facsimile: (215) 875-4604
Email: sschalman-bergen@bm.net

Seth R. Lesser
Fran L. Rudich
Michael J. Palitz
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone:  (914) 934-9200
Facsimile:  (914) 934-9220
Email:  mpalitz@klafterolsen.com

Gary Mason
Nicholas Migliaccio
Jason Rathod
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DC 20036
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294
Email:  jrathod@wbmllp.com

Office Depot in this case is represented by Christopher K. Ramsey, Esquire and Stephanie R. Reiss, Esquire, MORGAN LEWIS & BOCKIUS, LLP, One Oxford Centre – 32nd Floor, Pittsburgh, PA 15219, (412) 560-3300.

On [** INSERT DATE**], the Court granted preliminary approval of the proposed Settlement.  The Court will decide whether to give final approval to the proposed Settlement at a hearing scheduled for [** INSERT DATE**] ("Final Approval Hearing").  See Section V below for details.

2

III.   **TERMS OF THE SETTLEMENT**

Subject to Court approval, the terms of the Settlement are as follows:

Office Depot will pay up to Ninety-Eight Thousand Dollars and Zero Cents ($98,000.00) (hereafter "the Maximum Settlement Amount") to pay:  (a) all Class Members who submit timely claims pursuant to the instructions in this Notice ("Participating Class Members"); (b) Class Counsel's fees and litigation costs;  and (c) a service award to the Class Representative.

After deducting from the Maximum Settlement Amount for attorneys' fees and costs and for a service award to the Class Representative, from the remaining amount, Office Depot will make a settlement payment to each Participating Class Member on a *pro rata* basis, as described below.

Specifically, the Final Settlement Share for each Participating Class Member will be based on the total number of overtime hours in the Company's records during the period the Participating Class Member worked as an Assistant Store Manager for Office Depot in the Commonwealth of Pennsylvania between October 23, 2008 and January 1, 2011.  Each overtime hour will represent one settlement share.  An additional settlement share will be added for each week worked by a Participating Class Member during the period from October 23, 2008 and January 1, 2011.  The sum of shares for all Participating Class Members will be divided into the Net Settlement Amount to reach a per share dollar figure.  The figure will then be multiplied by each Participating Class Member's number of settlement shares to determine each Participating Class Member's Final Settlement Share.

Each Class Member will receive in his/her Settlement Claim Certification Form the approximate amount or range of his or her Settlement Share.  The final Settlement Share will depend on final Court approval of the Settlement and the number of Participating Class Members who participate in the Settlement and the number of settlement shares of each.  Amounts allocated to Class Members who properly and timely opt out of the Settlement in accordance with Section IV below shall remain property of Office Depot.  Fifty percent of each Participating Class Member's Settlement Share represents payments for liquidated damages and/or interest and will be paid subject to an IRS Form 1099, and the remaining fifty percent of each Participating Class Member's Settlement Share will be reported as, and will be withheld upon as, wages for tax purposes.  Neither Class Counsel nor the Company makes any representations concerning the tax consequences of this Settlement or participation in it.

Class Counsel will ask the Court to award attorneys' fees of up to 33% of the Maximum Settlement Amount and to award it litigation costs incurred.  In addition, Class Counsel will ask the Court to authorize a service award payment of up to $1,500 for the Class Representative.

If the Court approves the Settlement, Class Members who do not exclude themselves from the Settlement will release the Released State Law Claims against Office Depot.  This means the Class Members will give up the right to sue Office Depot again for the released claims. Each Class Member who does not request exclusion from the Settlement in accordance with Paragraph IV

3

below is deemed to fully and finally release and discharge Office Depot from any and all Released State Law Claims. "Released State Law Claims" means any and all claims asserted in the Lawsuit which arose under the laws of Pennsylvania, including claims under the Pennsylvania Minimum Wage Act, Pennsylvania Wage Payment and Collection Act, and for unjust enrichment, for the time period of each Class Member's employment as Assistant Store Managers in the Commonwealth of Pennsylvania from the beginning of their employment through [**the Preliminary Approval Date**].

By submitting the Settlement Claim Certification Form by the deadline stated in this Notice of Settlement, provided that the Court enters a Final Approval Order, you will be agreeing to release the Released Claims of the Participating Class Members that you may have against Office Depot in exchange for your Settlement Share. Your release applies to Office Depot as well as its affiliates (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures, and related companies and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Office Depot Releasees"). "Released Claims of the Participating Class Members" means any and all federal, state and local wage and hour claims, including but not limited to, claims under the Pennsylvania Minimum Wage Act, Pennsylvania Wage Payment and Collection Act, Fair Labor Standards Act, and for unjust enrichment, for any type of relief, including without limitation, claims for wages, overtime damages, unpaid costs, penalties (including, but not limited to, late payment penalties, record keeping penalties, and meal break penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief, whether known or unknown, which were or could have been asserted in the Lawsuit, for the time period of each Participating Class Member's employment as an Assistant Store Manager in the Commonwealth of Pennsylvania from the beginning of their employment through [**the Preliminary Approval Date**].

IV.   **YOUR OPTIONS**

You have three options:

**Option 1.**  Accept the settlement.  To receive a payment pursuant to the Settlement, fill out and mail or submit the Settlement Claim Certification Form enclosed and the Form W-9 enclosed by [**\*\*INSERT 60 days from mailing\*\***].  You may submit your Settlement Claim Certification Form and executed Form W-9 to Class Counsel by using the addressed, stamped envelope or by otherwise sending the form via mail, email or fax to Berger & Montague, P.C., Attn: Office Depot Settlement, 1622 Locust Street, Philadelphia, PA 19104, Fax No. (215) 875-4604; email MKIM@BM.NET.  If you are a current Office Depot employee, you may submit your Settlement Claim Certification Form and executed Form W-9 via mail, email or fax to the Director of Employee Relations, Loan Ellis, at 6600 North Military Trail, Boca Raton, Florida 33496, Fax No. (561) 438-7102, email: Loan.Ellis@officedepot.com.  **If you do not submit your Settlement Claim Certification Form and an executed Form W-9 by [insert date], you will not receive a Settlement Payment.**

**Option 2.**  You may "opt out" and exclude yourself from the settlement.  If you opt out, you will not receive any cash payment, and you will not release any claims you may have.  If you

opt out, you will be free to pursue whatever legal rights you may have by pursuing your own lawsuit at your own risk and expense.  If you "opt out," Office Depot will retain any cash payment attributable to you.  To exclude yourself, you must mail a letter to Class Counsel at the address identified under Option 1 stating that you wish to do so.  You must postmark your letter no later than **[**INSERT DATE 60 days from mailing**]**.

      **Option 3.**  You may object to the settlement.  If you object to the Settlement, you must submit your objection in writing to the Class Counsel at the address identified under Option 1.  All objections must be signed and set forth all grounds for objection, your address, telephone number, and the name of the Lawsuit:  Stivers v. Office Depot, Inc., Case No. 12-cv-01534.  All objections must be postmarked to Class Counsel no later than **[** INSERT DATE – 60 days from mailing**]**.

      If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing, discussed below.  Your objection should clearly explain why you object to the proposed settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.

## V.     FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

      The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed settlement, the plan of distribution, Class Counsel's request for attorneys' fees and litigation costs, and the service award to the Class Representative on **[** INSERT DATE AND TIME**]** in Courtroom **[**INSERT**]** of the United States District Court, Western District of Pennsylvania, located at U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

## VI.     ADDITIONAL INFORMATION

      This Notice only summarizes the Action, the settlement, and other related matters.  For more information, you may review the Court's files, including the detailed Joint Stipulation and Settlement Agreement, which will be on file with the Clerk of the Court.  The pleadings and other records in this Lawsuit, including the Joint Stipulation and Settlement Agreement, may be examined at the records Office of the Clerk, United States District Court, Western District of Pennsylvania, U.S. Courthouse, 700 Grant Street, Pittsburgh, PA  15219.

      Any questions regarding this Notice should be directed to Class Counsel at the above addresses and telephone numbers.  If your address changes or is different from the one on the envelope enclosing this Notice, please promptly notify Class Counsel for future mailings, including mailing of your settlement payment.

## VII.     OBTAINING PAYMENT UNDER THE AGREEMENT

      To receive money from the settlement, you must sign and return the Settlement Claim Certification Form and executed Form W-9 to the Class Counsel by **[INSERT DATE – 60 days from mailing]**.  You may use the accompanying, self-addressed, stamped envelope or by otherwise sending  the form via mail, email or fax to Berger & Montague, P.C., Attn: Office Depot Settlement, 1622 Locust Street, Philadelphia, PA 19103, Fax No. (215) 875-4604; email

MKIM@BM.NET

Alternatively, if you are a current Office Depot employee, you may sign and submit the Settlement Claim Certification Form and executed Form W-9 via mail, email or fax to the Director of Employee Relations, Loan Ellis, at 6600 North Military Trail, Boca Raton, Florida 33496, Fax No. (561) 438-7102, email: Loan.Ellis@officedepot.com by **[INSERT DATE – 60 days from mailing]**.  Such Settlement Claim Certification Form shall, in turn, be provided to the Class Counsel.

## VIII.  **NO RETALIATION OR DISCRIMINATION**

The Company will not take any adverse action against any individual because he/she participates in this Settlement.  In fact, the Company encourages you to participate in this settlement and receive your share of the monetary proceeds.

## IX.  **NO COURT OPINION EXPRESSED AS TO THE MERITS OF THE CASE**

On **[INSERT DATE]**, the Court preliminarily approved the Settlement Agreement as fair and reasonable.  The Court has expressed no opinion, however, regarding the merits of the claims asserted in this case.  If you have any questions about the settlement, please contact Class Counsel using the contact information set forth above.  **Please do not contact the Court.**

## X.  **ADDRESS CHANGES**

It is your responsibility to keep Class Counsel apprised of your correct address.  If your address is different from the address on the envelope which contained this Notice, please make any corrections to your address, name, and/or Social Security number on the enclosed Settlement Claim Certification Form and return it to Class Counsel at the address noted above.

Dated:  **[insert date]**, 2013

**EXHIBIT B**

**SETTLEMENT CLAIM CERTIFICATION**

*Timothy Stivers v. Office Depot, Inc.*
United States District Court for the Western District of Pennsylvania (Case No.: 12-1534)

Instructions: **You must complete this Settlement Claim Certification and the enclosed Form W-9 if you want to participate in the settlement that is described in the Notice to Class Members Regarding Pendency of Class Action and Notice of Hearing on Proposed Settlement ("Notice") that accompanies this form, and receive money from this Settlement.** The deadline for mailing or submitting this form and the executed Form W-9 is **[INSERT DATE]** (as evidenced by the postmark).  In order to be eligible to receive a payment from the Settlement, you must complete and mail or submit this form and the executed Form W-9 in accordance with the instructions in the Notice.

**I.      PLEASE PROVIDE ANY CORRECTIONS TO THE FOLLOWING INFORMATION**

Office Depot, Inc.'s records show the following contact information for you:

[Class Member Name]
[Address]
[Address]
[Last 4 digits of Social security no.]

If any of this information is incorrect or out of date, please provide corrections below so that you can participate in the settlement described in this Notice.

Name (first, middle and last):  _____
Home Street Address:  _____
City, State, Zip Code:  _____
Social Security Number:  _____

**II.     YOUR WORK HISTORY AT OFFICE DEPOT IN PENNSYLVANIA**

The amount of your settlement payment is described in Section III of the Notice. According to records maintained by Office Depot, your total estimated settlement payment (assuming you properly complete and return this Settlement Claim Certification Form by the deadline) will be between

$**[minimum amount]** and $**[maximum amount]**

(less applicable taxes and withholding), depending on the number of Class Members who elect to participate in this settlement.

## III.   RELEASE OF CLAIMS

In exchange for my settlement payment, I, on behalf of myself, and each of my heirs, representatives, successors, assigns and attorneys, hereby fully, finally, and forever release and discharge Office Depot and the Office Depot Releasees (as defined in Section III of the Notice) from any and all federal, state and local wage and hour claims, including but not limited to, claims under the Pennsylvania Minimum Wage Act, Pennsylvania Wage Payment and Collection Act, Fair Labor Standards Act, and for unjust enrichment, for any type of relief, including without limitation, claims for wages, overtime damages, unpaid costs, penalties (including, but not limited to, late payment penalties, record keeping penalties, and meal break penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief, whether known or unknown, which were or could have been asserted in the Lawsuit, for the time period of my employment as an Assistant Store Manager in the Commonwealth of Pennsylvania from the beginning of my employment through [the Preliminary Approval Date].

## IV.   MAILING INSTRUCTIONS

If you want to participate and receive a payment from this settlement, please mail this completed Settlement Claim Certification Form and the executed Form W-9 to Class Counsel using the enclosed addressed envelope or at the address, fax or email address listed below.  Your fully and properly completed Settlement Claim Certification Form and executed Form W-9 must be postmarked on or before **[INSERT DATE– 60 days from mailing]** or else you will not receive any payment under this Settlement.  The address of Class Counsel for this purpose is:

> Berger & Montague, P.C.
> Attn:  Office Depot Settlement
> 1622 Locust Street
> Philadelphia, PA 19103
> Phone:  (215) 875-3047
> Fax: (215) 875-4604
> Email: MKIM@BM.NET

Alternatively, if you are a current Office Depot employee, you may sign and submit the Settlement Claim Certification Form and executed Form W-9 via mail, email or fax to the Director of Employee Relations, Loan Ellis, at 6600 North Military Trail, Boca Raton, Florida 33496, Fax No. (561) 438-7102, email: Loan.Ellis@officedepot.com by **[INSERT DATE – 60 days from mailing].**  Such Settlement Claim Certification Form and executed Form W-9 shall, in turn, be provided to Class Counsel by the Company or Counsel for the Company.

If you have any questions about completing this Settlement Claim Certification Form, please call Class Counsel at [phone no.].

2

## V.     <u>NON-RETALIATION</u>

Pursuant to the Settlement Agreement, Office Depot will not retaliate against you in any manner as a result of your submitting this Settlement Claim Certification Form.  In fact, Office Depot encourages you to participate in this settlement and receive your share of the monetary proceeds.

## VI.    <u>PLEASE SIGN BELOW</u>

I declare that the foregoing statements made by me on this form are true and correct, and that I have read and understand the Notice.


_____          _____

Print or Type Name                                                Signature


                                                                        _____

                                                                        Date

**EXHIBIT C**

[DEFENSE COUNSEL LETTERHEAD]

[DATE]

United States Attorney General
Eric H. Holder, Jr.
U.S. Department of Justice
950 Pennsylvania Avenue
Washington, DC  20530-0001

Re:    Stivers v. Office Depot, Inc., Case No. Case No.:  2:12-cv-01534-CRE (W.D. Pa.)

Dear Attorney General Holder:

Defendant Office Depot, Inc. provides this notice pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Pursuant to CAFA, you are not required to comment on the settlement.  Please note that an order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate federal official and the appropriate state official are served with this notice.  *See* 28 U.S.C. § 1715(d).

The parties filed a Stipulation of Settlement with the Court on [**DATE**].  The Court has scheduled a hearing for final approval of the settlement on [**DATE AT LEAST 90 DAYS AFTER APPROPRIATE STATE OFFICIALS RECEIVE NOTICE**].  In accordance with its obligations under CAFA, Office Depot encloses the following:

    (1) a copy of the Complaint;

    (2) the proposed Notice To Class Members Regarding Pendency of a Class Action and Notice of Hearing On Proposed Settlement;

    (3) the Stipulation of Settlement in this action; and

    (4) a list of class members identified from Defendant's available records, with percentages as to how many class members currently reside in each state.

If you have questions about this notice, the lawsuit or the enclosed materials, or if you did not receive any of the above-listed materials, please contact the Defense counsel listed below.

Sincerely,


[DEFENSE COUNSEL]